**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

HERMAN LEE SMITH,

Plaintiff,

v. Case No. 5:26-cv-229-TKW-MJF

KYLE KING,

Defendant.
_____________________________________/

# REPORT AND RECOMMENDATION

Plaintiff filed an amended complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Docs. 1 & 2. Because Plaintiff has incurred three "strikes" and is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the District Court should dismiss this case.

## BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC"). From December 2025 through at least June 29, 2026, Plaintiff was incarcerated at Jackson Correctional Institution. *See* Doc. 1 at 2–3 & 5 (alleging the incident occurred at Jackson C.I. in December 2025); *see also Smith v. Durden*, No. 5:26-cv-170-AW-MFJ, Docs. 1 at 6 (Jackson C.I. stamp dated June 15, 2026), 3 at 1 (Jackson

C.I. stamp dated June 29, 2026).[1] Currently, Plaintiff is incarcerated at Hardee Correctional Institution. Doc. 1 at 1 (prison stamp). Plaintiff's FDC Inmate Number is "L11644."

**A. Plaintiff's Initial Complaint (No. 5:26-cv-216-MW-MJF)**

This court consolidated with this proceeding a complaint from a parallel proceeding against the same Defendant, No. 5:26-cv-216-MW-MJF. This court deemed the initial complaint from that now-consolidated proceeding to be the initial complaint in this proceeding, and the initial complaint from this proceeding to be the first amended complaint in this proceeding.

On July 27, 2026, while incarcerated at Franklin Correctional Institution, Plaintiff submitted a complaint to the correctional staff for mailing. No. 5:26-cv-216-MW-MJF, Doc. 1 at 14 (return address) & 15 (prison stamp). In this complaint, Plaintiff alleged that on January 6, 2026, Defendant sprayed Plaintiff with pepper spray, and walked Plaintiff to a new location in the facility while Plaintiff was naked.

**B. Plaintiff's First Amended Complaint**

On August 11, 2026, while incarcerated at Hardee Correctional

---

[1] For completeness, the undersigned refers to background information from Plaintiff's parallel proceeding. *See Smith v. Durden*, No. 5:26-cv-170-AW-MJF (N.D. Fla).

Institution, Plaintiff submitted a complaint to the correctional staff for mailing. Doc. 1 at 1. The clerk of the court received and docketed the amended complaint on August 21, 2026. *Id.* at 15. In this first amended complaint, Plaintiff alleged that on December 4, 2025, essentially the same incident occurred but that Defendant ordered someone else to spray Plaintiff. *Id.* at 5. Plaintiff further alleges that after Plaintiff had taken a decontamination shower, Defendant returned Plaintiff to his cell without first cleaning the pepper spray residue from the cell, and for four days there was no running water in the cell. *Id.* at 6.

## DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

## A. Plaintiff Has Incurred Three Strikes

Plaintiff has incurred at least three strikes under section 1915(g):

- *Smith v. Joseph*, No. 6:25-cv-1019-CEM-LHP, Doc. 6 (M.D. Fla. July 9, 2024) (dismissed without prejudice as frivolous and malicious, and for failure to state a claim), filed while incarcerated at Hardee Correctional Institution and bearing Plaintiff's FDC number (*Id.* at Doc. 1);

- *Smith v. Walker*, No. 6:24-cv-644-WWB-RMN, Doc. 7 (M.D. Fla. May 5, 2024) (dismissed without prejudice as frivolous as to some defendants, and for failure to state a claim against the remaining defendants), filed while incarcerated at Hardee Correctional Institution and bearing Plaintiff's FDC number (*Id.* at Doc. 1); and

- *Smith v. Tomson*, No. 1:21-cv-23739-DMM, Doc. 14 (S.D. Fla. Dec. 14, 2021) (twice dismissed for failure to state a claim), filed while incarcerated at Dade County Jail (*Id.* at Doc. 1).

Plaintiff was incarcerated at the time he filed each of these cases, and each case is attributable to Plaintiff. The *Joseph* and *Walker* cases bear his name and FDC inmate number "L11644." The *Tomson* case bears his name and the jail number "200148283," which is attributable to Plaintiff because it matches the jail number on a letter to a Florida appellate court (*Herman Lee Smith v. State of Florida*, No. 3D2021-0730 (Fla. 3d DCA 2021)), which is docketed in the same state criminal case for which he is incarcerated currently (*State v. Smith*, No. F-20-005048, Extra Document (Fla. 11th Cir. Ct. 2021)). These cases qualify as "strikes" under § 1915(g).

Furthermore, other courts previously found Plaintiff to have incurred three strikes for the same cases listed above:

- *Smith v. Wilson*, No. 8:24-cv-02181-MSS-LSG, Doc. 3 (M.D. Fla. Oct. 17, 2024);
- *Smith v. Walker*, No. 6:24-cv-1976-WWB-EJK, Doc. 4 (M.D. Fla. Nov. 4, 2024);
- *Smith v. Wilson*, No. 8:24-cv-1892-SDM-TGW, Doc. 30 (M.D. Fla. Aug. 11, 2025); and
- *Smith v. Jean*, No. 4:26-cv-417-MW-MAF, Doc. 10 (N.D. Fla. Sept. 25, 2026).

## B. Plaintiff Did Not Plead Imminent Harm

Because Plaintiff has incurred at least three strikes, Plaintiff may not litigate this case *in forma pauperis* unless he alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). To fall within this exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations are insufficient to invoke section 1915(g)'s exception. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Furthermore, allegations of past harm are insufficient to invoke 1915(g)'s

exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013).

Plaintiff fails to allege that he is in "imminent" danger of serious physical injury. Plaintiff filed his initial complaint while incarcerated in somewhere other than Jackson Correctional Institution, and Plaintiff challenged Defendant's purported misconduct that occurred almost *seven months* before Plaintiff commenced this suit. No. 5:26-cv-216-MW-MJF, Doc. 1 at 5 (alleging "on or about Jan. 6, 2026"); *Id.* at 1 (prison stamp dated July 27, 2026).

In his amended complaint, Plaintiff pushed the date of the alleged incident back to December 4, 2025, almost *eight months* before he commenced this suit. Doc. 1 at 5 (alleging December 4, 2025). Regardless of the date of the alleged incident, in each iteration of his complaint Plaintiff did not allege any facts suggesting that Defendant continued to engage in any misconduct such that Plaintiff faced imminent danger on July 27, 2026, the date that Plaintiff commenced this civil action. Accordingly, Plaintiff is barred from proceeding *in forma pauperis*. The District Court, therefore, should deny Plaintiff's motion to proceed *in forma pauperis* and dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** the motion for leave to proceed *in forma pauperis*.

2. **DISMISS** this action without prejudice to Plaintiff initiating a new case accompanied by payment of the $405.00 fee in its entirety.

3. **DIRECT** the clerk of the court to close this case file.

At Pensacola, Florida, this 5th day of October 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to this report and recommendation must be filed within fourteen days of the date of the report and recommendation. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, they must raise this issue in an objection.**